SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas. Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>CENTER FOR INTERCULTURAL ORGANIZING, a not-for-profit Oregon entity; and KAYSE JAMA, an individual,<br><br>Defendants. | Case No.: 2:10-cv-01322-JCM-LRL<br><br>**PLAINTIFF'S IDENTIFICATION OF GENUINE ISSUES OF MATERIAL FACT THAT REQUIRE RESOLUTION PRIOR TO CONTINUED FAIR USE HEARING** |

Plaintiff Righthaven LLC ("Righthaven") hereby submits its Identification of Genuine Issues of Material Fact that Require Resolution Prior to Continued Fair Use Hearing (the "Material Facts Brief").  Righthaven's Material Facts Brief is based on the pleadings and papers on file in this action, any oral argument allowed by this Court, and on any other matter of which this Court takes notice.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

An inspection of the record before the Court in the instant matter reveals that Defendants, Center for Intercultural Organizing ("CIO") and Kayse Jama ("Mr. Jama"; collectively with CIO known herein as the "Defendants"; collectively with Righthaven and CIO known herein as the "Parties") have not submitted any evidence, in connection with Defendants' Opposition to Plaintiff's Response to Order to Show Cause and, Alternatively, Request for Continuance to Conduct Discovery Pursuant to FRCP 56 (d) ("Defendants' Opposition"), or otherwise, to buttress a purported fair use defense for the unauthorized reproduction of the Curtis article (the "Infringement") that is the subject of this litigation.  Similarly, amicus curiae, Professor Jason Schultz ("Mr. Schultz") has proffered no evidence to support the plethora of bald assertions of fact set forth in Mr. Schultz's amicus curiae brief (the "Amicus Brief") regarding the applicability of fair use to this case.  In fact, the only evidence presented by Defendants is one affidavit by Mr. Jama that supports only Defendants' Motion to Dismiss for Lack of Jurisdiction, and, as such, is wholly inapplicable to the issue of fair use.

Further, neither Righthaven, nor Defendants have taken one deposition, propounded one interrogatory, one request for production of documents or one request for admission.  This glaring dearth of evidence is not uncommon in a case that is in the fledgling stages of litigation (as is the case at bar); however, when such lack of evidence is contemplated in the context of a prospective dismissal predicated on Rule 56 of the Federal Rule of Civil Procedure, the gravity of such a dismissal is obviated.

### II.    GENUINE ISSUES OF MATERIAL FACT THAT PRECLUDE *SUA SPONTE* SUMMARY JUDGMENT

#### A.    *The Applicability of the Fair Use Defense is a Mixed Question of Law and Fact*

Fair use is a mixed question of law and fact.  *Harper & Row, Publishers, Inc. v. Nation Enter.*, 471 U.S. 539, 560, (1985).  Furthermore, the Court may only conduct a fair use analysis,

as a matter of law, where the circumstances present dispositive presumed or admitted facts. *See Fisher v. Dees,* 794 F.2d 432, 435-36 (9th Cir. 1986); *accord Burnett v. Twentieth Century Fox Film Corp.,* 491 F.Supp.2d 962, 967 (C.D. Cal. 2007). As such, a fair use determination requires a court to weigh the applicable law, coupled with the salient facts.

### B. The Defendants Have Not Begun to Present Any Evidence in Support of a Motion for Summary Judgment

Unless and until CIO or Mr. Schultz presents some evidence to support a fair use ruling, it is improper for this Court to grant a motion for summary judgment in Defendants' favor. The lack of substantiation for the factual assertions submitted by the Defendants and Mr. Schultz illicit questions as to the source of the information. In particular, with regard to those proffered by Mr. Schultz, as a non-party, who has offered no insight as to where the information was obtained.

The mere fact that no discovery has been conducted demonstrates that, at a minimum, neither party has had an opportunity to unearth all of the genuine issues of material fact related to a prospective fair use defense, much less clearly define all such issues. An Order granting Defendants' summary judgment based on the bald assertions of fact before the Court regarding fair use, courtesy of the Defendants and Mr. Schultz, would controvert established precedent and amount to a colossal windfall for Defendants.

### C. At this Stage of the Litigation, All Questions of Fact Remain Unresolved Because No Discovery Has Been Conducted

A motion for summary judgment may only be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact . . ." *Fed. R. Civ. P. 56 (c).* Fair use, which is at-issue before this Court, is an affirmative defense upon which a defendant bears the burden of proof and the burden of persuasion. *See Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1158 (9th Cir. 2007). "In ruling on a motion for summary judgment, the judge must view the evidence

presented through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). Summary Judgment determinations are generally disfavored where relevant evidence remains to be discovered. *Taylor v. Sentry Life Ins.,* 729 F.2d 652, 656 (9th Cir.1984). The party opposing summary judgment bears the burden of showing what facts must be identified in order to raise a material issue of fact. *Hancock v. Montogmery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306 n.1 (9th Cir.1986). If a court concludes that a non-moving party is entitled to judgment, "great care must be exercised to assure that the original movant has had an adequate opportunity to show that there is a genuine issue and that his [or her] opponent is not entitled to a judgment as a matter of law." *Ramsey v. Coughlin*, 94 F.3d 71, 74 (2d Cir.1996)(quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720 at 34 (2d. ed. 1983)). Furthermore, even when there has been no cross-motion for summary judgment, a district court may enter summary judgment sua sponte against a moving party if the losing party has had a "full and fair opportunity to ventilate the issues involved." *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir.1982).

Additionally, in the event that this matter is dismissed *sua sponte* pursuant to Rule 56, such a dismissal would only be appropriate if Righthaven, as the losing party, "was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986). In that vein, Righthaven must first be provided with a sufficient opportunity to appreciate the discovery topics at-issue and to conduct discovery on such topics. *Portsmouth Square, Inc. v. Shareholders Protective Comm.,* 770 F.2d 866, 869 (9th Cir. 1985). Therefore, given that litigation is still in the pleading stages, and Defendants have yet to file an answer, Righthaven posits that it would be fundamentally unfair to dismiss this action at this early stage without first permitting necessary discovery.

### D. *Defendants' and Mr. Schultz's Assertions Demonstrate that Genuine Issues of Material Fact Would Exist if Such Assertions Became the Subject of Competent Evidence*

The Amicus Brief contains numerous conclusory assertions regarding issues such as: the purpose of CIO's use of the Infringement (Amicus Brief at 5:10-11); CIO's market for the Infringement (*Id.* at 5:12-13); the Las Vegas Review Journal's (the "LVRJ") purpose for publishing the Curtis article (the "Work") (*Id.* at 5:17-19); and the LVRJ's market for the Work (*Id.* at 5:18-19)[1]. It seems apparent that Mr. Schultz included these and other unsupported factual assertions in the Amicus Brief because, at least in his opinion, these assertions auger in favor of a finding of fair use. While Righthaven vehemently disagrees with the nature and extent that said assertions support a finding of fair use as argued by Mr. Schultz, Righthaven agrees that the issues raised in the Amicus Brief require further examination by both Parties through discovery. While Mr. Schultz's purported reason for inclusion of same is misguided, the mere existence of such assertions in the Amicus Brief demonstrates that these are the assertions that will ripen into genuine issues of material fact, if, in the course of the present litigation, they should become the subject of competent evidence.

A genuine issue of fact is one that may be resolved in favor of either party, and a material fact is one that could affect the result of the case. *Anderson,* 477 U.S. at 248-250. Arguably, the majority share of factual issues pertaining to this case, including those related to fair use, may be resolved in favor of either party and could affect the outcome of the case. However, at the incipient stage of litigation, absent discovery, the Parties have not had the chance to flesh out any of these issues.

In sum, until the Parties are afforded an opportunity to collect information through the discovery process, it is difficult for the Parties to exhaustively identify all such issues. Additionally, an onerous burden would be placed on the Court to determine which facts should be resolved in favor of which party without the benefit of discovery to further elucidate the issues before the Court.

---

[1] As the foregoing is far from an exhaustive list of the unsupported factual assertions submitted by Mr. Schultz, a substantially more comprehensive list is provided hereinbelow.

### E. *Defendants' and Mr. Schultz's Assertions Demonstrate that Genuine Issues of Material Fact Exist if Litigation Proceeds to that Stage of the Litigation*

As argued above, the very existence of the numerous factual assertions offered by the Defendants and Mr. Schultz in support of fair use demonstrates that, at least in part, these are the issues that must be fleshed out so that pertinent evidence may be considered by the Court in order to properly assess those that are genuine issues of material fact. However, to adjudicate fair use based upon unsupported assertions currently before the Court would be improper.

Fortunately, a court is not required to consider such assertions. In fact, a court need not accept as true conclusory allegations or legal characterizations. Nor need it accept unreasonable inferences or unwarranted deductions of fact. *See Taylor v. F.D.I.C.,* 132 F.3d 753, 762 (D.C. Cir. 1997); *In re Delorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993); *Beliveau v. Caras,* 873 F.Supp. 1393, 1395-96 (C.D. Cal. 1995); *Transphase Sys., Inc. v. Southern Cal. Edison Co.,* 839 F.Supp. 711, 718 (C.D. Cal. 1993). As one court has put it, courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996).

It is imperative that the Court is aware of and carefully contemplates the above-mentioned precedent in the context of fair use because the factual assertions made by the Defendants and Mr. Schultz are not evidence. When a trial court considers a motion for summary judgment, it must discern from the record whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented. *Anderson,* 477 U.S. at 248-250. Accordingly, absent any evidence, the issues in this case are not ripe for a summary judgment determination.

### III. GENUINE ISSUES OF MATERIAL FACT THAT REQUIRE RESOLUTION PRIOR TO AN ADJUDICATION OF FAIR USE

Notwithstanding the foregoing, the following is a list of the genuine issues of material fact that relate to fair use in the instant matter.

#### A. *The Purpose and Character of the Use ("1st Factor")*

(1) Assertion that: "CIO, a non-profit group, used the Curtis Article to educate . . ." (Amicus Brief at 5:10-11).

Mr. Schultz submits that the Infringement was posted "to educate". This assertion is relevant to the 1st Factor because it relates to the purpose of the use. This is a genuine issue of material fact because Righthaven disputes the purported purpose of the Infringement, as there are a plethora of other possible reasons for the purpose of the use that Mr. Schultz has neglected to mention, and, as a non-party, it is difficult for Righthaven to imagine how Mr. Schultz knows what the intended purpose was. Seemingly, Mr. Schultz offers this explanation for the purpose of the use in an effort to differentiate the use from that of the Las Vegas Review Journal ("LVRJ") in order to attempt to establish a transformative component, which would auger in favor of a finding of fair use. Accordingly, Righthaven asserts that there is a genuine issue of material fact as to the purpose of the use, as well as how the purpose of the use is meaningfully different from the LVRJ's purpose. Righthaven intends to use interrogatories directed to the Defendants and the deposition of the person most knowledgeable ("PMK") for CIO to flesh out these issues.

(2) Assertion that: ". . . those concerned with immigrant and refugee rights . . ." (Amicus Brief at 5:11).

Mr. Schultz asserts that the Infringement was posted to educate ". . . those concerned with immigrant and refugee rights . . ." This assertion is relevant to the 1st Factor because it relates to the purpose of the use. While it is possible that those concerned with immigrant and refugee rights were one of the demographics that Defendants directed the Infringement to, it is

7

presumptuous to say this was the only demographic, or even the main demographic. It appears that Mr. Schultz offers this explanation for the purpose of the use in an effort to differentiate the use from that of the LVRJ in order to attempt to establish a transformative component, which would auger in favor of a finding of fair use. Accordingly, Righthaven asserts that there is a genuine issue of material fact as to the purpose of the use and how the purpose of the use is meaningfully different from the LVRJ's purpose. Righthaven intends to use interrogatories directed to the Defendants and the deposition of the person most knowledgeable for CIO to flesh out these issues.

        (3)    Assertion that: ". . . to create an archive of related information . . ." (Amicus Brief at 5:12).

Mr. Schultz states that the Infringement was used to ". . . create an archive of related information." This assertion is relevant to the 1st Factor because it relates to the purpose of the use by Defendants. Righthaven finds this statement to be a particularly interesting issue requiring a significant amount of attention. If Defendants' purpose of the use of the Infringement was to compile an archive of unauthorized reproductions of literary works, as alleged by Mr. Schultz, such a fact is immensely important, and will be the subject of extensive discovery. Undoubtedly, that use would be different than the purpose of the use intended by the LVRJ. This fact would demonstrate intentional infringement on the part of the Defendants and would preclude any possible fair use defense. Accordingly, Righthaven asserts that there is a genuine issue of material fact as to exactly what Defendants' intent was regarding such an archive; the nature and extent of the archive; and the sources where the content contained in the archive were derived. Righthaven intends to use interrogatories directed to the Defendants and the deposition of the person most knowledgeable for CIO to flesh out these issues.

        (4)    Assertion that: ". . . the LVRJ published the Curtis Article to provide timely, generalized information to Las Vegas residents about events in their local community." (Amicus Brief at 5:17-19).

Mr. Schultz submits that the ". . . Curtis Article to provide timely, generalized information to Las Vegas residents in their local community." This assertion is relevant to the 1st Factor because it relates to the purpose of the use by the LVRJ. This is a genuine issue of material fact because the purpose for which the LVRJ used the Work is relevant, as it compares to the purpose for which the Defendants used the Infringement. Once again, Righthaven is surprised to learn that Mr. Schultz knows the exact purpose for which the Work was created, especially given the barren record. Furthermore, Righthaven disputes Mr. Schultz's characterization of the purported purpose of the work, in that there are a multitude of potential purposes for the use. As such, the purpose for which the LVRJ created the Work, along with the market for the Work are genuine issues of material fact. While Righthaven does not require discovery to delve into these issues, Defendants certainly do.

    (5) Assertion that: " . . . CIO's use was non-commercial. Indeed, CIO did not profit in any way because the Curtis Article appeared on its blog." (Amicus Brief at 6:15-16).

Mr. Schultz's assertions that CIO's use was not commercial and that CIO did not profit in any way are relevant to the 1st Factor because they relate to the purpose of the use by Defendants. The aforementioned contentions raise numerous issues. If Defendants are a charitable organization, whose mission is to help immigrants and refugees and the posting of the Infringement helps immigrants and refugees by providing them with valuable information then it is very difficult to understand why Defendants "did not profit in any way." Defendants' mission is possible, in part, through the posting of the Infringement. Furthermore, it is undisputed that Defendants accept donations and contributions, which are also made possible, in part, through the posting of the Infringement. It seems obvious that the Infringement added value to the website, otherwise why would Defendants have posted it to the site? Accordingly, Righthaven asserts that there are genuine issues of material fact regarding the nature and extent of the economic and non-economic benefits that were derived by Defendants from the posting of the Infringement. Righthaven intends to use interrogatories directed to the Defendants and the deposition of the person most knowledgeable for CIO to flesh out these issues.

### B. *The Nature of the Copyrighted Work ("2nd Factor")*

    (6) Assertion that: ". . . this article was not the result of the creative expression of its author." (Defendants' Opp. at 7:17-18).

Defendants state that the Infringement was not the result of the creative expression of its author because it was based in fact - and contained no opinion-based commentary. This assertion is relevant to the inquiry under the 2nd Factor. Righthaven contends that the creativity provided by Ms. Curtis came in a variety of forms, including, but not limited to: the way in which the article was structured; the decisions regarding what content to properly include and what to omit; and the manner in which the information was couched. Accordingly, Righthaven asserts that there is a genuine issue of material fact as to whether the Work was Ms. Curtis' creative expression. While Righthaven need not conduct discovery to delve into these issues, Defendants certainly must, as their conclusory assertions are not evidence, and, as such do not suffice to conclusively establish any fact.

### C. *The Effect of the Use Upon the Potential Market ("4th Factor")*

    (7) Assertion that: "It is highly probable that anyone who would have otherwise purchased a paper copy of the LVRJ or visited its website would choose not to because of CIO's blog post." (Amicus Brief at 5:19-20).

    (8) Assertion that: "CIO's use of the Curtis Article expanded public knowledge about immigration enforcement without cannibalizing the market for the original work." (Amicus at 5:22).

    (9) Assertion that: "CIO actually increased the Review-Journal market by exposing a new segment of customers to its already free website." (Defendants' Opposition at 6:12-13).

The foregoing three assertions all pertain to the potential market for the Work and the effect that the use of Infringement had on such market. For a number of reasons, these assertions by Mr. Schultz and the Defendants are perhaps the most surprising of all that have been

examined in this brief. What is the source for this empirical data? How are they able to opine on issues such as these?

It seems obvious that these assertions are not grounded in fact. This sort of information can only be substantiated after copious amounts of research and data accumulation. Speculation and conjecture simply will not suffice to establish assertions such as these as fact. A significant amount of discovery including testimony by experts in the applicable disciplines must be required before the Court is willing to predicate a motion for summary judgment on same. These issues are the quintessential example of genuine issues of material fact. As such, Righthaven implores the Court to allow discovery into these issues prior to proceeding with a hearing to determine the applicability of fair use as a defense in this matter.

IV. **CONCLUSION**

In light of the controlling law and the foregoing legal argument, Righthaven should be provided with an opportunity to fully examine all of the aforementioned genuine issues of material fact prior to an adjudication of the Fair Use exception to copyright infringement. Accordingly, Righthaven respectfully requests that this Court provide Righthaven with an opportunity to fully examine all of the aforementioned genuine issues of material fact prior to an adjudication of the Fair Use exception to copyright infringement. This request includes the opportunity to conduct both written discovery and to conduct the depositions of persons knowledgeable in the areas set forth herein.

Dated this seventh day of January, 2010.

RIGHTHAVEN LLC

By: /s/ Shawn A. Mangano

SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff Righthaven LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of Righthaven LLC and that on this seventh day of January, 2010, I caused the **PLAINTIFF'S IDENTIFICATION OF GENUINE ISSUES OF MATERIAL FACT THAT REQUIRE RESOLUTION PRIOR TO CONTINUED FAIR USE HEARING** to be served by the Court's CM/ECF system.

By: /s/J. Charles Coons

J. CHARLES COONS, ESQ.
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701