**OPPS**
JAMES R. OLSON, ESQ.
Nevada Bar No. 000116
MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No. 004762
CHRISTOPHER J. RICHARDSON ESQ.
Nevada Bar No. 009166
OLSON, CANNON, GORMLEY
& DESRUISSEAUX
9950 West Cheyenne Avenue
Las Vegas, NV 89129
(702) 384-4012
FAX: (702) 383-0701
jolson@ocgd.com
mstoberski@ocgd.com

Attorneys for Defendants
KAYSE JAMA, an individual, and
CENTER FOR INTERCULTURAL ORGANIZING

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>KAYSE JAMA, an individual, and CENTER FOR INTERCULTURAL ORGANIZING, a Non-Profit Organization,<br><br>Defendant. | CASE NO. 2:10-cv-01322-JCM-LRL<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S IDENTIFICATION OF GENUINE ISSUES OF MATERIAL FACT THAT REQUIRE RESOLUTION PRIOR TO CONTINUED FAIR USE HEARING** |

COME NOW, Defendants KAYSE JAMA, and CENTER FOR INTERCULTURAL ORGANIZING, by and through their attorneys of record, OLSON, CANNON, GORMLEY & DESRUISSEAUX, and hereby submit their Opposition to Plaintiff's Identification of Genuine Issues of Material Fact That Require Resolution Prior to Continued Fair Use Hearing.

. . .

. . .

. . .

. . .

This opposition is made and based upon the pleadings and papers on file herein, the points and authorities attached hereto, together with the arguments of counsel at the hearing of this motion.

DATED this 14 day of January, 2011.

OLSON, CANNON,
GORMLEY & DESRUISSEAUX

By: /s/ Michael E. Stoberski, Esq
JAMES R. OLSON, ESQ.
Nevada Bar No. 000116
MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No. 004762
CHRISTOPHER J. RICHARDSON, ESQ.
Nevada Bar No. 009166
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendants

## MEMORANDUM OF POINTS & AUTHORITIES

### I.

### INTRODUCTION

As previously addressed in CIO's Brief in Support of Fair Use, CIO, for purposes of these proceedings, admits and acknowledges any and all facts alleged in Righthaven's Complaint. When coupled with CIO's non-profit status and unequivocal mission of educating immigrants and refugees, there are no material facts left to dispute. Despite Righthaven's inaccurate representation that no evidence was proffered to support the elements of fair use, such a finding is still warranted when considering the unequivocal facts of this case. Moreover, CIO would point to its initial Motion to Dismiss, wherein the Affidavit of CIO executive, Kayse Jama, provided sworn testimony regarding CIO's mission, as well as its non-profit status. Righthaven complains that it has not been able to conduct any depositions or propound any written discovery to CIO. As there are no genuine issues of material fact, discovery would prove fruitless and any request in furtherance thereof is nothing more than a delay tactic designed to pressure CIO into settling this matter. In short, Righthaven's request for additional time in unavailing.

### II.

# LEGAL ARGUMENT

F.R.C.P. 56(d) states that a party opposing a summary judgment motion shown by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken. Much like its initial Brief in Opposition to the Order to Show Cause, Righthaven's most recent Brief also fails to identify or specify any genuine issues of material fact or convey to the Court what additional information would be relevant to combat fair use. For this reason, the Court should deny Righthaven's request for discovery and proceed with the Order to Show Cause hearing.

### A.  PURPOSE AND CHARACTER OF USE.

**1. Righthaven fails to identify any discovery that is relevant to contradict CIO's purpose and character of the use of the articles.**

Rather than address any of the arguments asserted in CIO's Brief in Support of Fair Use, Righthaven instead focuses on manipulating the statements in Professor's Schultz's Amicus Brief to create issues of material fact. As Righthaven is keenly aware, Professor Schultz is not a CIO representative, in any capacity. Rather, his opinions are to be received as a "friend of the court." Likewise, Righthaven's plea for discovery on several other issues suffers for the same reason.

At no time throughout this litigation has Righthaven disputed CIO's status as a non-profit educational institute. When considering CIO's non-profit status with its transparent educational mission, Righthaven must overcome a steep hurdle to demonstrate CIO's posted the article for reasons unrelated to philanthropic purposes. Righthaven claims that it should be allowed to conduct discovery to determine whether the use was for educational purposes. In support, Righthaven claims there are a "...plethora of other possible reasons for the purpose of the use..."[1] Not surprisingly Righthaven did not provide a single alternative purpose. Without advancing more, Righthaven's request to propound Interrogatories on this issue should be denied.

---

[1] *See* Righthaven Brief at 7:13.

### 2. Whether the article was read by individuals other than immigrants and refugees is immaterial.

Righthaven again attributes Professor Schultz's statements to CIO by stating Professor Schultz is speculating as to the intended audience of the posted article. His statements in this regard are just that, speculation. As it has been maintained throughout, CIO is dedicated to educate immigrants, refugees and supporters thereof. Righthaven insinuates that readers, in an apparent great act of protest, divert their web surfing activities from the LVRJ website to CIO's website to obtain their LVRJ news. Righthaven cannot point to a single other article in which CIO has posted on its website to such an abusurdity.

Righthaven also questions the transformative nature of the article and hints that additional discovery would be useful. The transformative component is only one aspect considered in determining the purpose and character of the use. The Court may properly determine that this factor weighs in favor of CIO without finding a highly transformative use. The case law supporting dissemination of fact-based journalism versus creative works of expression is clear.[2] While not explicit, it is apparent Courts view the transformative component on a sliding scale. As the creativity is sacrificed in production of the work, so goes the level of protection the holder can expect to maintain. Rather than belabor this issue further, CIO will direct the Court to its arguments raised in the underlying Brief in Support of a Fair Use that fact-based journalism contains very little creative expression.

Regardless of whether Righthaven's claims prove persuasive, there was no was request for additional time to conduct any discovery on this issue.

### 3. While incorrect, the creation an archive of related information does not, by itself, defeat a fair use argument.

While CIO is not archiving information to create a database of news articles, it would lend itself to a more transformative use. Moreover, Righthaven utilizes the classic strawman technique to attribute an argument not advanced by Professor Schultz. According to the Righthaven Brief, Professor Schultz stated the "...Defendants' purpose of the use of the Infringement was to compile an archive of unauthorized reproductions of literary works..."

---

[2] *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 104 S.Ct. 774 (1984).

While CIO strongly disagrees with the characterization as "archive", Righthaven misstates Professor Schultz's position. Professor Schultz did not claim all articles contained in the supposed archive consists of unauthorized works. Instead, Professor Schultz stated that purpose of retaining the article was "...to create an archive of related information."[3] This hardly keeps with the purpose of large-scale piracy, as Righthaven would suggest. Accordingly, no discovery on this issue is warranted.

**4. Because Section A(4) of the Righthaven Brief is non-responsive to the Court's request, CIO will refrain from responding in kind.**

**5. Righthaven's claim that CIO's solicitation of donations coupled with the posting the Article is tantamount to a commercial purpose is absurd.**

After raising the issue in its opening Brief and again at oral argument, Righthaven again claims that the presence of donation banners on the CIO website gives the posting a commercial purpose. Righthaven, from its own investigation, must acknowledge that anyone with an Internet connection can view the article without ever contributing a penny to CIO. Moreover, accepting Righthaven's line of reasoning would lead to the illogical conclusion that every donation based, non-profit organization operates with a commercial purpose. Righthaven claims, "it seems obvious that the infringement added value to the website, otherwise why would Defendants have posted it to the site?"[4] As the Court acknowledged at oral argument, it is apparent CIO received a benefit, as did its constituency. CIO's members received the benefit of educational awareness on immigration issues. Righthaven surely knows from its own internet "trolling" expeditions that CIO charges no money to view any portion of its website.[5]

**B.    NATURE OF THE COPYRIGHTED WORK.**

Again, Righthaven failed to request additional time to conduct any discovery on the second factor. Instead, Righaven suggests that CIO should conduct additional discovery to strengthen its position that the Article is not the result of highly creative expression. Righthaven

---

[3] *See* Amicus Brief at 5:12.

[4] *See* Righthaven Brief at 9:23-24.

[5] Righthaven has failed to allege by affidavit or otherwise that it paid to view the blog or any other portions of the website.

forgets that it moved the Court for additional time. Because there is no request for additional time, the Court should disregard Righthaven's request on this basis.

### C. THE EFFECT OF THE USE UPON THE MARKET.

Righthaven questions CIO's assertion that the LVRJ market was exposed to a new segment of customers. Righthaven claims that a significant amount of discovery and expert testimony would be required to substantiate this theory. Common sense dictates that the residents of a city located a thousand miles away from Las Vegas are not subscribers to the LVRJ or comprise a significant portion of the LVRJ website traffic. Accordingly, discovery on this issue would be irrelevant and adds nothing to the fair use analysis.

### III.

### CONCLUSION

Rightahven's request for additional time was unavailing in its underlying Brief, at the oral argument and in the most Brief. For the reasons stated herein, the Court should deny Righthaven's request for additional time in which to conduct discovery and consider the fair use defense. Therefore, the request under F.R.C.P, 56 (d) should be denied, thereby allowing the parties to litigate the issue of fair use.

DATED this 14 day of January, 2011.

                OLSON, CANNON,
                GORMLEY & DESRUISSEAUX


                By: /s/ *Michael E. Stoberski*
                    JAMES R. OLSON, ESQ.
                    Nevada Bar No. 000116
                    MICHAEL E. STOBERSKI, ESQ.
                    Nevada Bar No. 004762
                    CHRISTOPHER J. RICHARDSON, ESQ.
                    Nevada Bar No. 009166
                    9950 West Cheyenne Avenue
                    Las Vegas, Nevada 89129
                    Attorneys for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 14 day of January, 2011, I served the foregoing, DEFENDANTS' OPPOSITION TO PLAINTIFF'S IDENTIFICATION OF GENUINE ISSUES OF MATERIAL FACT THAT REQUIRE RESOLUTION PRIOR TO CONTINUED FAIR USE HEARING, on:

> Shawn A. Mangano, Esq.
> RIGHTHAVEN LLC
> 9960 West Cheyenne Avenue, Suite 210
> Las Vegas, Nevada 89129-7701
> shawn@manganolaw.com
>
> J. Charles Coons, Esq.
> Joseph C. Chu, Esq.
> RIGHTHAVEN LLC
> 9960 West Cheyenne Avenue, Suite 210
> Las Vegas, Nevada 89129-7701
> ccoons@righthaven.com
> jchu@righthaven.com
>
> *Attorneys for Plaintiff, Righthaven, LLC*

through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage prepaid), upon the following:

/s/ *Christopher J. Richardson*

AN EMPLOYEE OF OLSON, CANNON,
GORMLEY & DESRUISSEAUX