UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LCC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KAYSE JAMA, an individual, and CENTER FOR INTERCULTURAL ORGANIZING, a non-profit organization,<br><br>Defendants. | 2:10-CV-1322 JCM (LRL) |

**ORDER**

Presently before the court is defendants Center for Intercultural Organizing's ("CIO") and Kayse Jama's motion to dismiss for lack of jurisdiction. (Doc. #7). The plaintiff has responded (doc. #9), and the defendants have replied (doc. #10).

"Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001). Here, the relevant Nevada statute is coextensive with the limits of due process, and the inquiry is collapsed. *See* N.R.S. 14.065. Accordingly, under Nevada law, the court asks simply whether jurisdiction comports with due process.

To satisfy due process, a court may exercise personal jurisdiction over a defendant only where the defendant has certain minimum contacts with the forum state "such that the maintenance

**James C. Mahan**
**U.S. District Judge**

1  of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326
2  U.S. at 316. These minimum contacts may present in the form of either general or specific
3  jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

### I.     General Jurisdiction

General jurisdiction arises where the defendant has continuous and systematic ties with the forum, even if those ties are unrelated to the litigation. *Hubbell Lighting*, 232 F.3d at 1375 (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 414–16 (1984)). "[T]he plaintiff must demonstrate the defendant has sufficient contacts to 'constitute the kind of continuous and systematic general business contacts that 'approximate physical presence.''" *In re W. States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (quoting *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co.*, 284 F.3d 1114, 1124 (9th Cir. 2002) (quoting *Bankcroft & Masters, Inc. v. Aug. Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000))). In making this determination, courts consider "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *In re W. States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d at 1131.

Applying this standard, the court finds that it does not have general jurisdiction over CIO or Kayse Jama in this case. The defendants have never done business in Nevada, nor do they have any contacts in Nevada. All the defendants have done is pull an article off of a website, the owner of which is located in Nevada. This is more properly a casual or isolated presence. The court is unable to conclude that CIO or Kayse Jama have established the type of continuous and systematic, general business contacts in the state that would approximate a physical presence.

### II.    Specific Jurisdiction

Specific jurisdiction arises where the claims alleged "arise out of" or "relate to" contacts within the forum state. *Hubbell Lighting*, 232 F.3d at 1375. To exercise specific jurisdiction, there are three requirements: (1) the nonresident defendant must have "purposefully directed" his activities in the forum or have "purposefully availed" himself in the forum; (2) the claim "arises out of" or "relates to" the defendant's activities in the forum; and (3) exercising jurisdiction is reasonable, in

**James C. Mahan**
**U.S. District Judge**

- 2 -

that it comports with the notions of fair play and substantial justice. *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127 (9th Cir. 1995) (quoting *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1485 (9th Cir. 1993)). Where the first two requirements have been met, a presumption of reasonableness arises, which can only be overcome by a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* (quoting *Core-Vent*, 11 F.3d at 1487).

The court addressed this issue at the December 28, 2010, hearing. (*See* doc. #26). At that time, the court declared:

> I'm inclined to find that I have jurisdiction, not general jurisdiction, but I think specific jurisdiction. The defendants purposefully availed themselves by taking an article from a Nevada newspaper knowing that the copyright belonged to the newspaper and intentionally posting it on their website. And the plaintiffs' [sic] claim then arise [sic] out of the defendants' formulated activities because the RJ is a Nevada paper. It's the largest paper in Nevada and obviously the posting of that is related to the newspaper's home[,] which is Nevada.

(Doc. #27, p. 5). Following oral argument and considering the parties' briefings, the court stands by this inclination and finds the exercise of jurisdiction over defendants CIO and Kayse Jama reasonable and proper in this case.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss for lack of jurisdiction (doc. #7) is hereby DENIED.

DATED March 18, 2011.

_James C. Mahan_
**UNITED STATES DISTRICT JUDGE**