JAMES R. OLSON, ESQ.
Nevada Bar No. 000116
MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No. 004762
CHRISTOPHER J. RICHARDSON, ESQ.
Nevada Bar No. 009166
OLSON, CANNON, GORMLEY
& DESRUISSEAUX
9950 West Cheyenne Avenue
Las Vegas, NV 89129
(702) 384-4012
FAX: (702) 383-0701
jolson@ocgd.com
mstoberski@ocgd.com

Attorneys for Defendants
KAYSE JAMA, an individual, and
CENTER FOR INTERCULTURAL ORGANIZING

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KAYSE JAMA, an individual, and CENTER FOR INTERCULTURAL ORGANIZING, a Non-Profit Organization,<br><br>Defendant. | CASE NO. 2:10-cv-01322-JCM-LRL<br><br>**ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS** |

Presently before the Court is the Order to Show Cause why the Case should not be Dismissed pursuant to 17 U.S.C. § 107. The Court issued the Order to Show Cause why the Case should not be Dismissed pursuant to 17 U.S.C. § 107. (Dkt. #12). Plaintiff, Righthaven, LLC ("Righthaven") filed a Response to Order to Show Cause, and Alternatively Request for Continuance to Conduct Discovery Pursuant to FRCP 56(f). (Dkt. #14). Defendants, Kayse Jama and Center for Intercultural Organizing ("Defendants") filed an Opposition to the Response to Order to Show Cause, and Alternatively Request for Continuance to Conduct Discovery Pursuant to FRCP 56(f). (Dkt. #18). Professor Jason Schultz filed Brief of Amicus Curiae.

(Dkt. #21). Righthaven filed its Reply in Support of Plaintiff's Response to Order to Show Cause. (Dkt. #22). Righthaven filed an Opposition to Professor Jason Schultz filed Brief of Amicus Curiae. (Dkt. #24). Righthaven filed Plaintiff's Identification of Genuine Issues of Material Fact that Require Resolution Prior to Continued Fair Use Hearing. (Dkt. #28). Defendants filed an Opposition to Plaintiff's Identification of Genuine Issues of Material Fact that Require Resolution Prior to Continued Fair Use Hearing. (Dkt. #29). Professor Schultz filed Brief of Amicus Curiae Professor Jason Schultz in Response to Plaintiff's Identification of Genuine Issues of Material Fact that Require Resolution Prior to Continued Fair Use Hearing. (Dkt. #30). Thereafter, the Court reset the hearing for oral argument on the Order to Show Cause for March 18, 2011.

The Court, having considered the papers and pleadings submitted and oral arguments of the parties present, finds there are no issues of material fact precluding the entry of judgment pursuant to Fed. R. Civ. P. 56(f)(3).

Specifically, as to the first fair use factor - the purpose and character of the use - the Court finds there is no dispute as to Defendants' non-profit status and the fact that Defendants did not sell, license, or publish the work commercially. *See* Affidavit of Kayse Jama (Dkt. #7-2) and Complaint, Exhibit 2 (Dkt. #1-1). The Court further finds that no reasonable jury could conclude that any general donation or solicitation for donations to Defendants' mission would constitute using the work for a commercial purpose. Moreover, the Court finds that Defendants have made a transformative use by targeting a different audience for a different purpose than the original publisher, the *Las Vegas Review-Journal*. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F. 3d 701, 722 (9th Cir. 2007) (finding fair use where defendant used a copyrighted work "in a new context to serve a different purpose"). The Court also finds that because Righthaven does not exploit or offer the work to the public in any form, there can be no substitution of the Defendants' use for Righthaven's use of the work under the first fair use factor. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007). This factor weighs in favor of Defendants.

As to the second fair use factor - the nature of the work - the Court finds no genuine issue of material fact, because the nature of the work can be determined by examination of the article.

Complaint Exhibit 1 (Dkt. #1-1). The news story at issue is largely factual and thus deserving of minimal copyright protection. This factor weighs heavily in favor of Defendants. *See Los Angeles News Serv. v. KCAL-TV Channel 9*, 108 F.3d 1119, 1122 (9th Cir. 1997).

As to the third factor - the amount and substantiality of the use - the Court finds that while Defendants posted the entirety of the work, this was reasonable in light of the purpose and character of the use under the first factor - to inform its members of important social and political information about immigrant issues. *See Amazon*, 508 F.3d at 1165; *Kelly v. Ariba Soft Corp.*, 336 F.3d 811, 820-21 (9th Cir. 2003). *See also A.V. v. iParadigms, LLC*, 562 F.3d 630, 642 (4th Cir. 2009); *Bond v. Blum*, 317 F.3d 385, 393 (4th Cir. 2003). *Nuñez v. Caribbean Int'l News Corp.*, 235 F.3d 18, 24 (1st Cir. 2000); *Field v. Google Inc.*, 412 F. Supp. 2d 1106 (D. Nev. 2006). Because the amount copied was reasonable in relation to the purpose of the copying, this factor favors neither party. *See Campbell v. Acuff-Rose Music, Inc.*, 510 US 569, 586 (1994). Righthaven's reliance on *Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110 (9th Cir. 2000) is misplaced. As an initial matter, that case does not stand for the broad proposition that use of an entire work precludes a fair-use finding. *Id.* at 1118 (recognizing that " 'wholesale copying does not preclude fair use per se' ") (quoting *Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148, 1155 (9th Cir. 1986)).

In *Worldwide Church of God*, a church owned the copyright in a 380-page book written by its founder entitled "Mystery of the Ages." 227 F. 3d at 1112. The church stopped distributing the book when certain of its doctrines changed. *Id.* at 1113. A splinter group countermanded that directive by printing and distributing 30,000 copies of "Mystery of the Ages." *Id.* When the new group ignored the church's cease-and-desist letter, the church filed a copyright infringement action. *Id.* The splinter group made no attempt to claim that its use was transformative or served some different purpose than the original work. Instead, the group merely relied on its non-profit status as a defense. That was unavailing. By distributing "Mystery of the Ages" in bulk, the splinter group was able to draw thousands to its congregation, and those members tithed 10% of their income to the new church. *Id.* at 1118.

*Worldwide Church of God* is distinguishable. First, Defendants' use of the short news

article at issue serves a different purpose than the original work by providing information to its members concerning the specialized topic of immigrant and refugee rights. See *Amazon*, 508 F.3d at 1165 ("making an exact copy of a work may be transformative so long as the copy serves a different function than the original work"). Second, as discussed above, Defendants' use was not competitive with either Righthaven's use or even the use of the original copyright owner, the Review-Journal. By contrast, the parties in *Worldwide Church of God* were directly competing for same tithing members.

As to the fourth factor - the effect of the use upon the potential market for or value of the original work - the Court finds that Defendants use was socially beneficial in that it informed its members of important social and political information. *Amazon*, 487 F.3d at 724-25; *Field*, 412 F. Supp. 2d at 1119 (finding fair use where Google's cache of works served "different and socially important purposes" than the original works). Furthermore, Righthaven has failed to produce any evidence that there is a potential market for the work in this case, as it does not make any commercial use of the work. *See* Fed. R. Civ. P. 56(d) Declaration of Shawn Mangano (Dkt. #15) and Righthaven's Identification of Genuine Issues of Material Fact that Require Resolution Prior to Continued Fair Use Hearing (Dkt. #28). *See also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record."); *Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'") (quoting former Fed. R. Civ. P. 56(e)) (emphasis in *Matushita*); *Precision Airmotive Corp. v. Rivera*, 288 F.Supp.2d 1151, 1154 (W.D. Wash. 2003) ("A continuance is not justified when all the information and knowledge is already in Plaintiff's possession.").

Moreover, in light of *eBay Inc. v. MercExchange*, LLC, 547 U.S. 388 (2006), where the Supreme Court held that there should be no presumption of harm where the holder of a patent does not commercially exploit the patented invention, this Court finds that the same reasoning should apply under the fourth fair use factor where a copyright holder does not commercially exploit a copyrighted work. *See Salinger v. Colting*, 607 F.3d 68 (2nd Cir. 2010) (applying

*eBay's* reasoning to copyright law); *Blanch v. Koons*, 467 F. 3d 244, 258 (2d Cir. 2006) (fourth factor "greatly favors" a fair use finding where the copyright holder was not commercially exploiting photograph); *Field*, 412 F. Supp. 2d at 1121 (fourth factor favored defendant where there was "no evidence of any market for [the copyright holder's] works."); NIMMER ON COPYRIGHT §13.05[A][4] (2010) ("On occasion, the lack of market harm is apparent."). This factor also weighs in favor of defendants.

Finally, the four factors must be considered "in light of the purposes of copyright," which are "[t]o promote the Progress of Science and useful Arts and to serve the welfare of the public." *Perfect 10 v. Amazon.com*, 508 F.3d at 1163 (internal citations omitted). In light of the above findings, the Court concludes that Defendants' use advances the Copyright Act's purpose.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that summary judgment be GRANTED in favor of Defendants.

DATED this ____ day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE

Submitted by:

OLSON, CANNON,
GORMLEY & DESRUISSEAUX

By: _____
JAMES R. OLSON, ESQ.
Nevada Bar No. 000116
MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No. 004762
CHRISTOPHER J. RICHARDSON, ESQ.
Nevada Bar No. 009166
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendants

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on this 1st day of April, 2011, I did serve, via the Court's CM/ECF System, a copy of the above and foregoing ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS..

*Barbara Abbott*

An Employee of OLSON, CANNON, GORMLEY & DESRUISSEAUX